**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MD, LLC,[*]<br><br>        Plaintiff,<br><br>    v.<br><br>Sealed Defendants,<br><br>        Defendants. | Case No. 23-cv-0877<br><br>Judge Joan B. Gottschall |

**ORDER**

Plaintiff MD, LLC ("MD"), filed this civil action under the Copyright Act, 17 U.S.C. § 1 et seq.; the Lanham Act, 15 U.S.C. § 1055 et seq.; the Patent Act, 35 U.S.C. § 1, et seq.; and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2, against 327 defendants, identified only by their online store URLs, alleging that defendants are infringing MD's intellectual property rights by selling counterfeit products on popular online marketplaces. *See* Compl., ECF No. 7. MD's renewed motion for a temporary restraining order ("TRO") is before the court. ECF No. 11. Among other relief, MD asks the court to order several parties not named in the complaint to freeze defendants' assets. MD argues that these third parties should be bound by the TRO because they operate online marketplaces used by defendants and provide payment processing services to defendants. *See* Mem. Supp. Mot. TRO 24–25, ECF No. 11-1.

In accordance with Federal Rule of Civil Procedure 65(b), MD did not give defendants notice of its motion. But, recognizing that notice and an opportunity to be heard is required before a non-party is held to be bound by an injunction, *Lake Shore Asset Management Ltd. v. C.F.T.C.*, 511 F.3d 762, 766–67 (7th Cir. 2007), MD served the motion, and accompanying

---

[*] The caption of plaintiff's complaint identifies it as "MD, LLC," while the body of the complaint identifies plaintiff as "Milkmen Design, LLC." *E.g.*, ECF No. 7 at 1. No finding is implied on plaintiff's true, legal name, though this should be clarified in an amended complaint. *See* Fed. R. Civ. P. 10(a). If plaintiff is attempting to proceed under a pseudonym, it must file a motion for leave to proceed under a fictitious name and satisfy the standard required by the Seventh Circuit. *See generally Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023).

exhibits, upon the third parties named in its proposed TRO. *See* Mem. Supp. Mot. TRO [31]; Cert. of Serv., ECF No. 14. Three of these parties—ContextLogic Inc. ("ContextLogic"); eBay Inc. ("eBay"); and Stripe, Inc., and Stripe Payments Company, LLC (collectively "Stripe")—object in whole or in part to MD's motion.

The first issue is whether the TRO may bind the non-party objectors. "The party seeking to enforce the terms of an injunction against a third party bears the burden of proving that the third party is within the scope of the injunction." *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir. 2010) (citing *New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996)). Rule 65(d)(2) specifies who is bound by an injunction, including temporary restraining orders:

> (2) *Persons Bound*. The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2).

All objectors contest any finding that they are agents of, or in active concert or participation with, defendants. *See* ContextLogic Obj'n 2–4, ECF No. 18; eBay Obj'n 6–9, ECF No. 21; Stripe Ltd. Obj'n 3–6, ECF No. 28. MD argues that all three service providers are bound as defendants' agents and that they are in active concert or participation with them. *See* Resp. to Obj'ns 6–9, ECF No. 34. MD has provided no specific contractual language it contends creates an agency relationship sufficient to bind objectors to the proposed TRO. *See id*. MD also argues generally that the service providers' business models are sufficient to bind them to the proposed TRO, but MD cites no evidence or legal authority supporting its claims that providing an online marketplace or payment processing services to a party renders the service provider in active concert or participation with its customer. *See id*. After reviewing the record, the court concludes that MD has not carried its burden to show that the objectors would be bound by the

TRO under Rule 65(d)(2) for reasons similar to those given in *Eicher Motors*. *See Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*, 2022 WL 3081869, at *3 (N.D. Ill. Aug. 3, 2022); *Pow! Ent., LLC Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2020 WL 5076715, at *2 (N.D. Ill. Aug. 26, 2020).

MD argues in the alternative that "[t]he Court need not find that non-party providers are in active concert or participation with Defendants to exercise its inherent authority to order the providers to restrain funds in Defendants' accounts." Resp. to Obj'ns 9. MD cites two cases. *See id*. The first holds, "Once personal jurisdiction of a party is obtained, the District Court has authority to order it to freeze property under its control, whether the property be within or without the United States." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 909 (N.D. Ill. 2015) (quoting *United States v. First Nat'l City Bank*, 379 U.S. 378, 384 (1965); other citations omitted). But unless a party consents to personal jurisdiction, "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). MD does not seek to bind a defendant but rather seeks to bind non-party providers of services whom it has not served with a summons. Nor have objectors filed general appearances consenting to personal jurisdiction in this court. MD does not explain how the court has acquired personal jurisdiction over objectors and therefore fails to carry its burden to show that it is entitled to a TRO binding non-party objectors on this theory.

The court cited MD's second case, *United States v. Mercy Reg'l Health Sys., Ltd.*, 2008 WL 695918, at *4 (S.D. Ill. Mar. 13, 2008), in *Eicher Motors*. *See* 2022 WL 3081869, at *3. In *Eicher Motors*, Amazon, another operator of an online marketplace allegedly used by defendant counterfeiters, did "not oppose being named in the proposed TRO for the purpose of notifying it that it could become liable if it assist[ed] defendants in violating the TRO." *Id*. The court approved naming Amazon in the TRO for this purpose without making a finding on whether Amazon was in active concert or participation with defendants. *Id*. Based on MD's citation to *Mercy Regional Health*, the court understands MD to be requesting in the alternative

3

that the TRO name objectors for notice purposes only. ContextLogic does not object to being named in the TRO for notice purposes. *See* ECF No. 18 at 2–4. The other two service providers do not address this issue.

This leaves unresolved another objection by eBay, specifically, that the TRO's proposed asset freeze is overbroad because the alleged infringing sales represent only a small proportion of the goods defendants sell on eBay. eBay argues that completely freezing the assets of those defendants will be extremely damaging to eBay and is not justified by any evidence offered by plaintiff. Because the court does not have sufficient evidence before it to resolve the issue of the TRO's alleged overbreadth, it will give plaintiff and eBay 28 days to conduct any necessary discovery on this issue and set the matter for a telephonic status hearing at 10:30 a.m. on June 2, 2023. At that point, the court will determine whether this matter can be submitted on the papers or whether a hearing is necessary.

For the reasons stated, MD's renewed motion for a temporary restraining order is granted in part and denied in part. It is granted as to all named defendants except those on eBay's platform (defendant nos. 196–244),[1] and it is granted as to Stripe and ContextLogic, as well as all other named service providers other than eBay, solely to provide them with notice that they could be liable if they assist defendants in violating the TRO. The application of the TRO as to eBay will be decided in the manner described above. Consistent with this order, a temporary restraining order will be issued separately.

Dated: May 4, 2023

/s/
Joan B. Gottschall
United States District Judge

---

1 Normally, to be entitled to a TRO, it is generally sufficient for a plaintiff to show defendants' sales of counterfeit products on online platforms; the burden then shifts to defendants to show that only some portion of their profits is due to the sale of infringing merchandise. *See WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608–09 (7th Cir. 2008) (trademarks); *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 932 (7th Cir. 2003) (citations omitted) (copyrights); *see also generally BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,* 1 F.3d 1214, 1218–19 (Fed. Cir. 1993) (patent infringement). In this case however, at plaintiff's request, the defendants marketing on eBay have not been served and have not been given notice of this lawsuit. Therefore, the court cannot look to these defendants to carry their normal burden.